IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 0 6 2018

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

| | |
|---|---|
| **WILLIAM WHITFIELD HYMAN** | **PLAINTIFFS** |
| **NATALIE HYMAN** | |
| vs.    No. 18-2138 | |
| **The CITY OF WALNUT RIDGE,** | |
| **through Mayor Charles Snapp in his** | |
| **official capacity, and Chris Kirksey in his** | |
| **individual capacity** | **DEFENDANTS** |

## CIVIL RIGHTS COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiffs, WILLIAM WHITFIELD HYMAN and NATALIE HYMAN, by and through their attorney of record, Kesha M. Chiappinelli of The Zaffino Law Firm, LLC, and for their Section 1983 and 1988 and Arkansas Civil Rights Complaint against the City of Walnut Ridge, through Mayor Charles Snapp in his official capacity, and Chris Kirksey in his Individual Capacity as former Chief of the Walnut Ridge Police Department, would state and allege the following:

### PARTIES:

1. Plaintiff William Whitfield Hyman is an adult citizen and resident of Fort Smith, Sebastian County, Arkansas, in the Western District of Arkansas.

1

2. Plaintiff, Natalie Hyman is an adult citizen and resident of Fort Smith, Sebastian County, Arkansas, in the Western District of Arkansas.

3. Defendant Chris Kirksey, in his individual capacity, was the administrative head of the Walnut Ridge Police Department, an agency of the State of Arkansas. He worked at 300 W. Main Street, Walnut Ridge, AR 72476.

4. It is believed that Defendant Chris Kirksey is one of the administrators of the Walnut Ridge Police Department's official Facebook page.

5. Defendant City of Walnut Ridge through Mayor Charles Snapp in his official capacity, who works at 300 W. Main Street, Walnut Ridge, AR 72476.

6. Plaintiffs reserve the right to amend this Complaint to add such parties as his true identities and capacities are ascertained through discovery or otherwise.

## JURISDICTION AND VENUE:

7. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and supplemental, collateral and pendant jurisdiction of the state causes of action. This Court has personal jurisdiction over the Plaintiffs Natalie King Hyman and William Whitfield Hyman because they reside at 2720 Enid Street in Fort Smith, Arkansas, which is where all plaintiffs' actions relevant to this complaint occurred.

8. Defendants Chris Kirksey, as he is a resident of the State of Arkansas and worked for the Walnut Ridge Police Department, and the City of Walnut Ridge as it is a government entity, more specifically a municipality of the State of Arkansas, by and through Mayor Charles Snapp in his official capacity, also a resident of Arkansas.

9. This Court also has personal jurisdiction over each of the Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of the State of Arkansas and/or within the geographic confines of the State of Arkansas.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

### COUNT I:

*Violation of Natalie Hyman's Federal Freedom of Speech Rights by the City of Walnut Ridge*

11. Every paragraph in this complaint is incorporated as though fully stated herein.

12. Social media platforms enable ordinary citizens to speak directly to public officials about government in much the same way they could as if attending a town hall meeting. Just as the First Amendment has been held to protect television, radio, and other developments in technology, online speech which includes comments posted and shared through Facebook, must be protected from Government infringement under the First Amendment.

13. Defendant Chris Kirksey, in his official capacity as Chief of Police, administered a Facebook page in the name of the Walnut Ridge Police Department. Citizens were invited to the public Walnut Ridge Police Department Facebook page where they could find information and express their views, designating it as a public forum. The creation and moderation of the Facebook page was "state action" subject to the First Amendment.

14. The Chief of Police and his agents deleted Natalie Hyman's and other comments on the page from the public which expressed viewpoints that the police department disagreed with.

15. On April 18th, 2018 at 6:20 p.m. Natalie King Hyman posted a link to bodycam

footage of a Walnut Ridge Police Officer. Mrs. Hyman's comment described the link as "Walnut Ridge Police Department proudly serving!" That link had an automatically generated title "Walnut Ridge cop gives hard time to man on the job." A couple of minutes later, Mrs. Hyman posted a reply to her original comment with the title "an update to this heartwarming story." Mrs. Hyman's comment reply provided a link to a video which had a statement from the Mayor of Walnut Ridge concerning the bodycam footage.

16. Before the Walnut Ridge Police Department was completely deactivated about a week later, Natalie King Hyman realized that her comments had been removed from the Walnut Ridge Police Department's Facebook page.

17. This was a violation of the First and Fourteenth Amendment to the United States Constitution and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983 and 1985. William Hyman and Natalie Hyman's Facebook comments were deleted or hidden in April of 2018 by Police Chief Chris Kirksey or other agents for the city of Walnut Ridge. Screenshots of some of those comments and conversations with the administrators of the Facebook page are attached as Plaintiff's Exhibit A.

18. The First Amendment to the United States Constitution and Article II Section 6 of the Arkansas Constitution protects Natalie Hyman's freedom to to express her viewpoint in the form of Facebook comments about the actions of the Walnut Ridge Police Department on the Facebook page the police department created and designated as a public forum. When the Defendants deleted comments from citizens expressing their viewpoints it violated established First Amendment principles.

19. Defendant Chris Kirksey or the other Walnut Ridge agents deleted Natalie Hyman's comments as part of a policy, practice, or custom of the City of Walnut Ridge. Natalie Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, and any and all other relief available.

## COUNT II:

*Violation of W. Whitfield Hyman's Federal Freedom of Speech Rights by the City of Walnut Ridge*

20. Every paragraph in this complaint is incorporated as though fully stated herein.

21. Social media platforms enable ordinary citizens to speak directly to public officials about government in much the same way they could as if attending a town hall meeting. Just as the First Amendment has been held to protect television, radio, and other developments in technology, online speech which includes comments posted and shared through Facebook, must be protected from Government infringement under the First Amendment.

22. Defendant Chris Kirksey, in his official capacity as Chief of Police, administered a Facebook page in the name of the Walnut Ridge Police Department. Citizens were invited to the public Walnut Ridge Police Department Facebook page where they could find information and express their views, designating it as a public forum. The creation of the Facebook page was "state action" subject to the First Amendment. The Chief of Police and his agents deleted comments on the page from the public which expressed particular viewpoints. This was a violation of the First and Fourteenth Amendment to the United States Constitution and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983 and 1985.

23. On April 18th, 2018 at 9:20 a.m. Whitfield Hyman shared a video with a comment to the general timeline of the Walnut Ridge Police Department's Facebook page. Mr. Hyman's comment read in full: "Could you please arrest this officer for assault, battery, false imprisonment, and kidnapping?" The video Mr. Hyman shared was posted on a Simeon Snow's Facebook personal Facebook page. Mr. Snow's original commentary could be seen, which read "Walnut Ridge cop harassing this guy on the job."

24. Mr. Hyman realized that his comment had been deleted and that the entire general timeline of the Walnut Ridge Police Department's Facebook page was no longer visible to anyone by about 4:00 p.m. on April 18th, 2018.

25. In a follow up, Mr. Hyman posted this comment on a different thread on the Police Department's Facebook page "I posted a link to this video on your page earlier: https://www.youtube.com/watch?v=pRbjc068wts However, I can't find it now. Did it get deleted?" This comment appeared to others at first, but was eventually hidden from view. About a week later the entire Facebook page was deactivated and removed from public view.

26. William Hyman's Facebook comments were deleted or hidden in April of 2018 by Police Chief Chris Kirksey or other agents for the city of Walnut Ridge. Screenshots of some of those comments and conversations with the administrators of the Facebook page are attached as Plaintiff's Exhibit A.

27. The First Amendment to the United States Constitution protects William Hyman's freedom to to express his viewpoint in the form of Facebook comments about the actions of the Walnut Ridge Police Department on the Facebook page the police department

created and designated as a public forum. When the Defendants deleted comments from citizens expressing their viewpoints it violated First Amendment principles.

28. W. Whitfield Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, and any and all other relief available.

### *Count III*

*Violation of Natalie Hyman's State Freedom of Speech Rights by the City of Walnut Ridge*

29. Every paragraph in this complaint is incorporated as though fully stated herein.

30. Social media platforms enable ordinary citizens to speak directly to public officials about government in much the same way they could as if attending a town hall meeting. Just as the First Amendment has been held to protect television, radio, and other developments in technology, online speech which includes comments posted and shared through Facebook, must be protected from Government infringement.

31. Defendant Chris Kirksey, in his official capacity as Chief of Police, administered a Facebook page in the name of the Walnut Ridge Police Department. Citizens were invited to the public Walnut Ridge Police Department Facebook page where they could find information and express their views, designating it as a public forum. The Chief of Police and his agents deleted comments on the page from the public which expressed particular viewpoints. This was a violation of Plaintiff Natalie King Hyman's statutory rights under A.C.A. § 16-123-101, 102, 103, 104, and 105 to not be wrongfully deprived of any rights by another who is working under color of any statute, ordinance, regulation, custom, or usage of a political subdivision of the State of Arkansas. In this instance, the Defendants violated the Plaintiff's free speech rights under the Arkansas Constitution,

Article II Section 6.

32. Natalie Hyman's Facebook comments were deleted or hidden in April of 2018 by Police Chief Chris Kirksey or other agents for the city of Walnut Ridge. Screenshots of some of those comments and conversations with the administrators of the Facebook page are attached as Plaintiff's Exhibit A.

33. Article II Section 6 of the Arkansas Constitution protects Natalie Hyman's freedom to to express her viewpoint in the form of Facebook comments about the actions of the Walnut Ridge Police Department on the Facebook page the police department created and designated as a public forum. When the Defendants deleted comments from citizens expressing their viewpoints it violated established principles of free speech.

34. Natalie Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, punitive damages and any and all other relief available. Under the Federal 1983 claim, a plaintiff would not normally be entitled to punitive damages against a municipality, however, under the state cause of action, A.C.A. 16-123-108(b) in relevant part provides:

"It is unlawful to...interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this subchapter.....The remedies and procedures available in § 16-123-107(b) are available to aggrieved persons for a violation of subsection (a) or subsection (b) of this section."

The remedies in 16-123-107(b) are "enjoin further violations, to recover

compensatory and punitive damages, and, in the discretion of the court, to recover the cost of litigation and a reasonable attorney's fee."

### *Count IV*

*Violation of Whitfield Hyman's State Freedom of Speech Rights by the City of Walnut Ridge*

35. Every paragraph in this complaint is incorporated as though fully stated herein.

36. Social media platforms enable ordinary citizens to speak directly to public officials about government in much the same way they could as if attending a town hall meeting. Just as the First Amendment has been held to protect television, radio, and other developments in technology, online speech which includes comments posted and shared through Facebook, must be protected from Government infringement.

37. Defendant Chris Kirksey, in his official capacity as Chief of Police, administered a Facebook page in the name of the Walnut Ridge Police Department. Citizens were invited to the public Walnut Ridge Police Department Facebook page where they could find information and express their views, designating it as a public forum. The Chief of Police and his agents deleted comments on the page from the public which expressed particular viewpoints. This was a violation of Plaintiff W. Whitfield Hyman's statutory rights under A.C.A. § 16-123-101, 102, 103, 104, and 105 to not be wrongfully deprived of any rights by another who is working under color of any statute, ordinance, regulation, custom, or usage of a political subdivision of the State of Arkansas. In this instance, the Defendants violated the Plaintiff's free speech rights under the Arkansas Constitution, Article II Section 6.

38. W. Whitfield Hyman's Facebook comments were deleted or hidden in April of

2018 by Police Chief Chris Kirksey or other agents for the city of Walnut Ridge. Screenshots of some of those comments and conversations with the administrators of the Facebook page are attached as Plaintiff's Exhibit A.

39. Article II Section 6 of the Arkansas Constitution protects Whitfield Hyman's freedom to to express his viewpoint in the form of Facebook comments about the actions of the Walnut Ridge Police Department on the Facebook page the police department created and designated as a public forum. When the Defendants deleted comments from citizens expressing their viewpoints it violated established principles of free speech.

40. W. Whitfield Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, punitive damages and any and all other relief available. Under the Federal 1983 claim, a plaintiff would not normally be entitled to punitive damages against a municipality, however, under the state cause of action, A.C.A. 16-123-108(b) in relevant part provides:

"It is unlawful to...interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this subchapter.....The remedies and procedures available in § 16-123-107(b) are available to aggrieved persons for a violation of subsection (a) or subsection (b) of this section."

The remedies in 16-123-107(b) are "enjoin further violations, to recover compensatory and punitive damages, and, in the discretion of the court, to recover the cost of litigation and a reasonable attorney's fee."

10

### *Count V*

*Violation of Whitfield Hyman's State Freedom of Speech Rights by Chris Kirksey*

41. Every paragraph in this complaint is incorporated as though fully stated herein.

42. Defendant Chris Kirksey violated W. Whitfield Hyman's free speech rights under the Arkansas Constitution, Article II, Section 6 by deleting or "hiding" Whitfield Hyman's comments, and for other reasons given in the context of this suit and other counts of this lawsuit.

43. A violation of state rights have been made actionable by A.C.A. 16-123-101 and sequential.

44. W. Whitfield Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, punitive damages and any and all other relief available.

### *Count VI*

*Violation of Whitfield Hyman's Federal Freedom of Speech Rights by Chris Kirksey*

45. Every paragraph in this complaint is incorporated as though fully stated herein.

46. Defendant Chris Kirksey violated W. Whitfield Hyman's free speech rights under the United States Constitution, First Amendment, by deleting or "hiding" Whitfield Hyman's comments, and for other reasons given in the context of this suit and other counts of this lawsuit.

47. A violation of federal rights has been made actionable by U.S.C. 1983 and 1985.

48. W. Whitfield Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, punitive damages and any and all other relief available.

### *Count VIII*

*Violation of Natalie Hyman's State Freedom of Speech Rights by Chris Kirksey*

49. Every paragraph in this complaint is incorporated as though fully stated herein.

50. Defendant Chris Kirksey violated Natalie Hyman's free speech rights under the Arkansas Constitution, Article II, Section 6 by deleting or "hiding" Natalie Hyman's comments, and for other reasons given in the context of this suit and other counts in this lawsuit.

51. A violation of state rights have been made actionable by A.C.A. 16-123-101 and sequential.

52. Natalie Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, punitive damages and any and all other relief available.

### *Count IX*

*Violation of Natalie Hyman's Federal Freedom of Speech Rights by Chris Kirksey*

53. Every paragraph in this complaint is incorporated as though fully stated herein.

54. Defendant Chris Kirksey violated Natalie Hyman's free speech rights under the United States Constitution, First Amendment, by deleting or "hiding" her comments, and for other reasons given in the context of this suit and other counts.

55. A violation of federal rights has been made actionable by U.S.C. 1983 and 1985.

56. Natalie Hyman seeks attorney's fees, nominal damages, costs, injunctive relief, compensatory damages, punitive damages and any and all other relief available.

WHEREFORE, Plaintiffs pray for the following relief:

1. That a jury be empaneled to decide contested factual issues in this matter.

2. Declaratory judgment that Defendant's administration of their Facebook fan page and the policies governing its use violate the First Amendment of the United States Constitution.

3. Declaratory judgment affirming that Defendants' administration of the Facebook fan page and the policies, customs and/or practices governing this administration violated Article II Section 6 of the Arkansas Constitution.

4. A permanent restraining order compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiffs' deleted posts; to permit Plaintiffs to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiffs but any person for political speech made on the Walnut Ridge Police Department Facebook page and/or from removing protected speech from the Facebook page.

5. Preliminary and/or permanent injunctive relief compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiffs' deleted posts; to permit Plaintiffs to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiffs but any person for political speech made on the Walnut Ridge Police Department Facebook page and/or from removing protected speech from the Facebook page.

6. Such other and further relief, including injunctive relief, against all Defendants, as may be

necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable;

7. Attorney's fees, statutory fees, nominal damages, punitive damages, compensatory damages and costs pursuant to 42 U.S.C. § 1988 and A.C.A. § 16-118-107 and 108.

                                        Respectfully submitted,
                                        ATTORNEY FOR PLAINTIFFS

By: *Kesha Chiappinelli*

Kesha Chiappinelli, #2009175
The Zaffino Law Firm
1720 Walton Blvd. Ste. 4, No. 222
Bentonville, AR 72712
(479) 709-2650 Telephone
(501) 897-6500 Facsimile
Kesha@ZaffinoLaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on this 6th day of August, 2018 a copy of the foregoing pleading was served on the following counsel via electronic mail or fax:

Mayor Charles Snapp
The City of Walnut Ridge
300 W. Main Walnut Ridge, AR 72476
Phone: 870-886-6638 Fax: 870-886-6147
Email- wrcityhall@att.net