IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM WHITFIELD HYMAN;
and NATALIE HYMAN                                                          PLAINTIFFS

v.                              No. 3:18-cv-230-DPM

CHRIS KIRKSEY, in his Individual
Capacity; and THE CITY OF WALNUT
RIDGE, ARKANSAS, Through Mayor
Charles Snapp, in his Official Capacity                                     DEFENDANTS

ORDER

**1.** This case is about a police department, Facebook, and the First Amendment. The Walnut Ridge Police Department had a Facebook page. The Department classified its page as being part of a government organization. № 1-1 at 2. "[U]nlike personal Facebook profiles, . . . Facebook 'Pages' . . . 'help businesses, organizations, and brands share their stories and connect with people.'" *Davison v. Randall*, 912 F.3d 666, 673 (4th Cir. 2019). Police Chief Chris Kirksey operated the Department's page. № 1 at 3. A column in the middle of the page included posts by the Department; and other Facebook users could comment on or "like" them as a way to interact and share information. For example, a December 2017 post from the Department about vandalism in Walnut Ridge garnered 98 likes and about 26 comments. № 1-1 at 2.

On 18 April 2018, both Matthew and Natalie Hyman posted on the Department's page. Matthew went first. He posted a link to a video of a Walnut Ridge Officer's heated encounter with a citizen. That encounter turned into a lawsuit: *Finley v. Walnut Ridge, Arkansas, et al.*, No. 3:18-cv-60-DPM. Matthew added a comment with the link to the video: "Could you please arrest this officer for assault, battery, false imprisonment, and kidnapping?" № 1–1 at 1. The Department deleted his post. № 6 at 6. Later that day, after noticing his post was gone, Matthew responded to a February 2018 post from the Department supporting a grant program. His response included both a question about his last post disappearing and another link to the *Finley* video. № 1-1 at 2. The Department deleted that post, too. № 1 at 6. Later, Natalie Hyman posted under the December 2017 post on vandalism. She included the same video and her own comment: "The Walnut Ridge Police Department, proudly serving!" № 1-1 at 2. Soon after, she updated her post to add another comment and a news story about the video. *Ibid.* The Department deleted everything Natalie had posted. One week later, the City deactivated its Facebook page.

**2.** With one addition, these are the pleaded facts, which the Court accepts as true on the motion to dismiss the Hymans' resulting lawsuit. *Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 590 (8th Cir. 2004). The additional fact is the *Finley* case, a matter of public record, which provides some context, and which the Court may

consider when deciding the motion to dismiss this case. *Porous Media Corporation v. Pall Corporation*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Hymans claim that the defendants violated the United States and Arkansas Constitutions when Chief Kirksey deleted their posts. They seek legal and equitable relief. Chief Kirksey and Walnut Ridge argue three things: no constitutional violation occurred; Chief Kirksey is entitled to qualified immunity; and Walnut Ridge isn't liable.

The main claim here is under the First Amendment. The Hymans say that Chief Kirksey and Walnut Ridge selectively deleted their comments from the Department's Facebook page because of their criticisms. They protest the viewpoint discrimination. The Chief of Police and the City rest most of their defense on the idea that their Facebook page was government speech, which is shielded from First Amendment scrutiny. *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467–69 (2009). They point to a case from Kentucky. There, a federal court held that the Governor of Kentucky could block citizens from posting on his Twitter and Facebook pages because those pages were government speech. *Morgan v. Bevin*, 298 F. Supp. 3d 1003, 1010–13 (E.D. Ky. 2018).

Parts of the Walnut Ridge Police Department's Facebook page probably were government speech, in particular the Department's posts. But the interactive portion of the page was different. That part of the page allowed people to express opinions. *Davison*, 912 F.3d at

686–87. They did: the Department's posts received comments and likes from other Facebook users. The Department provided a public space for citizens to speak, and they spoke. *Campbell v. Reisch*, 367 F. Supp. 3d 987, 990–92 (W.D. Mo. 2019). The Department's handling of the interactive part of its Facebook page is therefore subject to some form of constitutional scrutiny. *Davison*, 912 F.3d at 686–87.

Is Kirksey nonetheless entitled to qualified immunity against the Hymans' First Amendment claims? Yes. Qualified immunity shields state actors from civil liability unless they violate a "clearly established statutory or constitutional right of which a reasonable person would have known." *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (*en banc*) (quotation omitted). A clearly established right "must be settled law." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quotation omitted). The law must be "particularized to the facts of the case," and "existing precedent must have placed the . . . constitutional question beyond debate." *Morgan*, 920 F.3d at 523–24 (quotations omitted).

The Court assumes, for purposes of the motion to dismiss, that Chief Kirksey suppressed the Hymans' speech. But the governing law wasn't clear enough when he did so for him to face a lawsuit for his actions. The Supreme Court hasn't yet spoken on this First Amendment issue. Two U.S. Courts of Appeals have. *Davison*, 912 F.3d at 666; *Robinson v. Hunt County, Texas*, 921 F.3d 440 (5th Cir. 2019). And only one District Court in the Eighth Circuit has addressed this type of

claim. *Campbell* held that a state representative's Twitter account wasn't government speech. 367 F. Supp. 3d at 990–92. All these cases, though, were decided in 2019. Chief Kirksey deleted the Hymans' posts in April 2018. A handful of other District Courts have also wrestled with these First Amendment issues. *E.g., McKercher v. Morrison*, 2019 WL 1098935, at *4 (S.D. Cal. 8 Mar. 2019); *One Wisconsin Now v. Kremer*, 354 F. Supp. 3d 940 (W.D. Wis. 2019); *Knight First Amendment Institute at Columbia University v. Trump*, 302 F. Supp. 3d 541 (S.D.N.Y. 2018), *appeal docketed*, No. 18-1691 (2d Cir. 5 June 2018). The law is still percolating. The Court therefore cannot hold that the Hymans' right to be heard on the Department's Facebook page was clearly established in the spring of 2018. No binding precedent notified Chief Kirksey that selectively deleting citizens' posts from the interactive part of a Facebook page that invited public commentary clearly violated the First Amendment. The Hymans' federal and echoing state law claims against him fail as matter of law.

**3.** Can the Hymans proceed against Walnut Ridge through Mayor Snapp in his official capacity? Maybe. As pleaded, there's no solid claim against the City. In response to the motion to dismiss, however, the Hymans attached a screen shot of a post by Chief Kirksey which mentions a Walnut Ridge policy. The post says: "Before commenting on any post, please read our privacy policy. We will not allow comments that are negative and could likely start a feud. Keep it clean

or your post will be deleted and you will be banned from this page[.]" № 9-1. The Hymans ask rhetorical questions about the privacy policy in their responding brief. № 9 at 17. The City's policy isn't mentioned in their complaint. And it's not in the record. The City's policy may or may not violate the U.S. Constitution or the Arkansas Constitution. In the circumstances, FED. R. CIV. P. 15(a)(2), the Hymans are entitled to the opportunity to file an amended complaint, against Walnut Ridge alone, with added specifics about the City's privacy policy.

\* \* \*

Motion to dismiss, № 5, granted as modified. Any amended complaint due by 14 June 2019. If the Hymans decide not to file an updated complaint conforming to this Order, Judgment will issue.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

30 May 2019