**IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**WILLIAM WHITFIELD HYMAN and**              **PLAINTIFFS**
**NATALIE HYMAN**

v.                **No. 3:18-CV-00230**

**THE CITY OF WALNUT RIDGE**              **DEFENDANTS**

### DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

COMES now Defendant, the City of Walnut Ridge, Arkansas, (hereinafter "Defendant") by and through its attorneys, John L. Wilkerson and Lanny Richmond II, and for its Answer states:

1.     Paragraph 1 of the Amended Complaint contains legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations.

2.     Defendant denies the basis and characterization of the allegations contained in Paragraph 2.

3.     Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

4.     Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint contained in the sentence beginning "Pursuant to a…" Defendant denies the basis and characterization of the allegations contained in the sentence beginning "The Police Department…"

5.     Defendant denies the basis and characterization of the allegations contained in Paragraph 5 of the Amended Complaint in the sentence beginning

"Plaintiffs William Whitfield Hyman…" Upon information and belief Defendants admit the allegations of the Paragraph contained in the sentence beginning "In April 2018..." Defendant is unable to determine the meaning of "widely understood," and can neither admit nor deny the allegations of the Paragraph contained in the sentence beginning "The underlying controversy..."

6.     Defendant denies the basis and characterization of the allegations contained in Paragraph 6 of the Amended Complaint.

7.     The sentences beginning "The Police Department's..." and "This is the very…" contained in Paragraph 7 of the Amended Complaint contain legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations. No response is required from defendant regarding the sentence of the Paragraph beginning "Plaintiffs now seek..."

8.     Defendant is without knowledge or information sufficient to admit or deny the allegation contained in Paragraph 8 of the Amended Complaint.

9.     Defendant is without knowledge or information sufficient to admit or deny the allegation contained in Paragraph 9 of the Amended Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint in the sentences beginning "Defendant City of" and "The Walnut Ridge Police Department." The sentence of the Paragraph beginning "The Police Department" contains legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations. Defendant denies the allegations contained in the sentence of the Paragraph beginning "At all times relevant..."

11.     Regarding Paragraph 11 of the Amended Complaint, no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations

12.     Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

13.     The sentence beginning "Under state law…" contained in Paragraph 13 of the Amended Complaint contains legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations. Defendant asserts that Ark. Code. Ann. § 14-52-101 speaks for itself.

14.     Defendant denies the basis and allegations contained in the first sentence in Paragraph 14 of the Amended Complaint. Defendant denies the allegations of the Paragraph contained in the sentence beginning "In 2017…"

15.     Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint of the sentences beginning "Mayor Snapp" and "And in 2017..." Defendant admits the allegations of the Paragraph in the sentence beginning "For instance..." Defendant denies the basis and characterization of the allegations of the Paragraph in the sentence beginning "That same year..." The sentence of the Paragraph beginning "These are just..." contains legal conclusion and as such a response is not required from Defendant; however, to the extent a response is required, Defendant denies the same.

16.     Defendant is without knowledge and information sufficient to admit or deny the allegations contained in Paragraph 16 of the Amended Complaint in the sentences beginning "Facebook is…," "It is used by…," and, "Anyone connected to…" and

3

therefore, denies the same. Defendant denies the basis and characterization of the allegations of the Paragraph in the sentence beginning "Facebook allows..."

17.    Defendant is without knowledge and information sufficient to admit or deny the allegation contained in Paragraph 17 of the Amended Complaint.

18.    Upon information and belief, Defendant admits the allegations in Paragraph 18 of the Amended Complaint to the extent that a member of the Walnut Ridge Police Department created a Facebook page for the Walnut Ridge Police Department prior to 2015.

19.    Regarding the allegations contained in Paragraph 19 of the Amended Complaint in the sentence beginning "The Police Department…," Defendant asserts that Exhibit A speaks for itself. Upon information and belief, Defendant admits the allegation contained in the Paragraph in the sentence beginning "For example, in…" to the extent that a member of the Walnut Ridge Police Department "authored a post informing the public of two property damage and trespass incidents and asked the public to 'Please Share Post'..." Also, upon information and belief, Defendant admits the allegations contained in the Paragraph in the sentence beginning "In February 2018…" to the extent that a member of the Walnut Ridge Police Department authored a post "to communicate to the public about its recent decision to sign a letter supporting the Byrne Justice Assistance Grant program, a federal program that provides funding for local law enforcement agencies."

20.    Upon information and belief, Defendant admits the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendant denies the basis and characterization of the allegations contained in Paragraph 21 of the Amended Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint in the sentence beginning "Mayor Snapp." Defendant denies the basis and characterization of the allegations of the Paragraph contained in the sentence beginning "For example."

23.     Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Regarding Paragraph 24 of the Plaintiffs' Amended Complaint, Defendant asserts Exhibit A speaks for itself.

25.     Regarding Paragraph 25 of the Plaintiffs' Amended Complaint, Defendant asserts Exhibit A speaks for itself.

26.     Upon information and belief, Defendant admits the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendant admits the allegations of the sentences beginning "On December 28…," and 'The incident ended…," contained in Paragraph 28 of the Amended Complaint. Defendant denies the basis and characterization of the allegation of the sentence beginning "Although Finley…" Regarding the allegations contained in the sentences of the Paragraph beginning "As described…" we are without information or belief as to how the Washington Post described the incident.

29.     Defendant admits the allegations contained in Paragraph 29 of the Amended Complaint in the sentence beginning "On the day..." Upon information and belief, Defendant admits the allegations of the Paragraph in the sentence beginning "They reprimanded..." Regarding the allegations of the Paragraph in the sentence beginning "Also that same day…," Defendant states the quoted material speaks for itself. Regarding the allegations of the Paragraph in the sentence beginning "A disciplinary complaint…," Defendant admits that a document regarding discipline exists and speaks for itself.

30.     Upon information and belief, Defendants admit the allegations contained in Paragraph 30 of the Amended complaint in the sentences beginning "Finley later…," "Prosecutors pursued…," and "Finley was…" Regarding the allegations of the Paragraph in the sentence beginning "According to reports…," Defendant states such reports speak for themselves.

31.     Defendant admits the allegations contained in Paragraph 31 of the Amended Complaint in the sentence beginning "In April 2018…" Upon information and belief Defendant admits the allegations contained in the Paragraph in the sentence beginning "At that point…"

32.     No response from Defendant is required to the allegation contained in Paragraph 32 of the Amended Complaint; however, to the extent a response is required, Defendant denies the basis and characterization of the allegations.

33.     Defendant denies the basis and characterization of the allegation contained in Paragraph 33 of the Amended Complaint.

34.     Regarding the allegations contained within Paragraph 34 of the Amended Complaint Defendant states the e-mail speaks for itself.

35.     Defendant admits the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendant admits the allegations contained in paragraph 36 of the Amended Complaint.

37.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 of the Amended Complaint within the sentence beginning "At 9:20 am..." Regarding the allegations contained in the Paragraph within the sentence "Mr. Hyman's...," Defendant states that Mr. Hyman's comment is attached as Exhibit B, and the exhibit speaks for itself.

38.     Regarding the allegations contained in Paragraph 38 of the Amended Complaint, Mr. Hyman's comment is attached to the Amended Complaint as Exhibit B; Exhibit B speaks for itself.

39.     Defendant denies the basis and characterization of the allegations contained in Paragraph 39 of the Amended Complaint within the sentences beginning "The Police Department, acting pursuant to its comment policy, deleted Mr. Hyman's..." "In response...," and "The Police Department, acting pursuant to its comment policy, deleted this..." Further, regarding the sentence beginning "In response...," Mr. Hyman's comment is attached to the Amended Complaint as Exhibit B; Exhibit B speaks for itself.

40.     No response is required from Defendant to Paragraph 40 of the Amended Complaint.

41.     Defendant states that Ms. Hyman's comment is attached to the Amended Complaint as Exhibit B; Exhibit B speaks for itself.

42     Regarding the allegations of Paragraph 42 of the Amended Complaint within the sentence beginning "Mrs. Hyman…," Defendant is without knowledge or information as to know whether Mrs. Hyman was sarcastic and thus have insufficient information to admit or deny those allegations. Regarding the sentences within Paragraph 42 referring to Exhibit B; Exhibit B speaks for itself.

43.     Defendant denies the basis and characterization of the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendant denies the basis and characterization of the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Regarding the allegations of Paragraph 45 of the Amended Complaint within the sentence beginning "The comment…," Defendant states the comment policy speaks for itself. The sentence of the Paragraph beginning "Any authority…" contains legal conclusion and as such requires no response from Defendant; however, to the extent a response is required, Defendant denies the same. Defendant denies the basis and characterization of the allegations of the Paragraph within the sentence beginning "The Police Department..."

46.     Defendant denies the allegations of Paragraph 46 of the Amended Complaint.

47.     Defendant denies the basis and characterization of the allegations of Paragraph 47 of the Amended Complaint.

48.     Defendant admits the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 50 if the Amended Complaint.

51.     Defendant admits the allegations contained in Paragraph 51 of the Amended Complaint within the sentence beginning "The current…" to the extent that for the time frame material to the Complaint, Jordan Cooksey was an officer of the Walnut Ridge Police Department. Defendant admits the allegations contained in the Paragraph within the sentence beginning "At that time."

52.     Paragraph 52 of the Amended Complaint requires no response from Defendants.

53.     Paragraph 53 of the Amended Complaint contains legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations.

54.     Defendant denies the basis and characterization of the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

56.     Paragraph 56 of the Amended Complaint requires no response from Defendants.

57.     Paragraph 57 of the Amended Complaint contains legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations.

58.     Defendant denies the basis and characterization of the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Paragraph 60 of the Amended Complaint requires no response from Defendants.

61.     Paragraph 61 of the Amended Complaint contains legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations.

62.     Defendant denies the basis and characterization of the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Paragraph 64 of the Amended Complaint requires no response from Defendants.

65.     Paragraph 65 of the Amended Complaint contains legal conclusions and as such no response is required from Defendant; however, to the extent a response is required, Defendant denies the allegations.

66.     Defendant denies the basis and characterization of the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendant request a jury trial.

69.     In response to the Prayer for Relief contained within Paragraph 69 of the Amended Complaint, Defendant denies all allegations contained therein, including any and all allegations of wrongdoing. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

70.     In response to the Prayer for Relief contained within Paragraph 70 of the Amended Complaint, Defendant denies all allegations contained therein, including any and all allegations of wrongdoing. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

71.     In response to the Prayer for Relief contained within Paragraph 71 of the Amended Complaint, Defendant denies all allegations contained therein, including any and all allegations of wrongdoing. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

72.     In response to the Prayer for Relief contained within Paragraph 72 of the Amended Complaint, Defendant denies all allegations contained therein, including any and all allegations of wrongdoing. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

73.     In response to the Prayer for Relief contained within Paragraph 73 of the Amended Complaint, Defendant denies all allegations contained therein, including any and all allegations of wrongdoing. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

74.     In response to the Prayer for Relief contained within Paragraph 74 of the Amended Complaint, Defendant denies all allegations contained therein, including any and all allegations of wrongdoing. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     Defendant asserts that Plaintiffs cannot demonstrate that they suffered violations of their constitutional rights whose moving force was a policy, custom, or practice of Defendant.

2     Defendant asserts that it complied with all federal and state laws.

3.     Defendants assert Plaintiff's claims are moot.

4.     The Amended Complaint fails to state a cause of action upon which relief may be granted.

5.     Defendants assert all applicable affirmative defenses in the Federal Rules of Civil Procedure Rule 8(c) and the Arkansas Rules of Civil Procedure 8(c).

6.     Defendant reserves the right to raise additional affirmative defenses.

WHEREFORE, Defendant prays that this Court dismiss the Amended Complaint against it and all other relief to which Defendant may be entitled.


Respectfully submitted,
The CITY OF WALNUT RIDGE,


By:   JOHN L. WILKERSON, ABA #2008046
Attorney at Law
PO Box 38
North Little Rock, AR 72115
Tel: (501) 978-6136

Fax: (501) 978-6567
jwilkerson@arml.org

AND

LANNY RICHMOND II, ABA #2015137
Attorney at Law
PO Box 38
North Little Rock, AR 72115
Tel: (501) 537-3784
Fax: (501) 537-7261
lrichmond@arml.org

**CERTIFICATE OF SERVICE**

I, John L. Wilkerson, hereby certify that on this 28th day of June, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participating counsel of record listed below.

Kesha Chiappinelli
Mostyn Prettyman, PLLC
P:479-464-4529
F:855-397-2783
kesha@arklawyers.com

/s/ JOHN L. WILKERSON, ABA #2008046